IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BOBBY ALLAN GREEN, )
 )
 Plaintiff, )
 )
vs. ) Case No. CIV-13-601-C
 )
JEFF SMITH, DAVID )
PRATER, and MEGAN )
KOENIG, )
 )
 Defendants. )

# REPORT AND RECOMMENDATION

## I. Plaintiff's complaint.

Bobby Green (Plaintiff) filed this 28 U.S.C. § 1983 action on June 10, 2013 against three individuals in connection with two unrelated criminal proceedings brought against him in 2010. Doc. 1.[1] Plaintiff's case was assigned to United States District Judge Robin J. Cauthron who then referred it to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

Plaintiff first names Jeff Smith, an Edmond, Oklahoma police officer, and maintains that at 4:00 a.m. on September 4, 2010, Plaintiff was sitting at a 7-11 across from the University of Central Oklahoma smoking a cigarette when

---

[1] Citations reflect this court's CM-ECF designation and pagination.

Defendant Smith pulled up in his vehicle to inquire where Plaintiff lived and where he was going. *Id.* at 1-2. Plaintiff told Defendant Smith that this "was none of his business." *Id.* at 2. Defendant Smith allegedly ordered Plaintiff to place his hands on the back of the vehicle so that he could be searched before being placed in the vehicle. *Id.* Plaintiff states that he then told Defendant Smith "that he could run my I.D. & when it comes back clear, he was going to leave me alone" and contends that "[a]t this point, Officer Smith 'tazed' me for no reason at all." *Id.* He claims that Defendant Smith alleged that Plaintiff was obstructing an officer and was drunk in a public place and took Plaintiff to the Edmond Police Station. *Id.* at 2-3.

Once there and while being booked, Plaintiff maintains that "officers pulled my 1st pair of shoorts [sic] down & were digging in the pockets of my other shorts" and "found a small sack of weed & some hand scales" and "[t]hen, they took me to be booked in the OK County Jail." *Id.* at 3. He states that he was held until September 14, 2010, when he was released on his own recognizance and, then, on the following day, "the State filed 3 charges against me & issued an arrest warrant in case no. CF-2010-6165." *Id.* He alleges that he was not arrested until November 13, 2010 when he "was arrested for case no. CF-2010-7476 & was held for both cases" until June 17, 2011, when he was found not guilty of assaulting an EMSA worker in Case No. CF-2010-7476. *Id.*

2

He further alleges that he was jailed from June 17, 2011 until July 15, 2011 on the charges in Case No. CF-2010-6165; that he was arrested on July 15, 2011 on an application to revoke in two previous cases; and that on August 19, 2011, a state district judge dismissed the charges in Case No. CF-2010-6165 as a result of illegal arrest and search and seizure and a lack of evidence on the public drunk charge but sentenced him to two concurrent five-year sentences in the two previous cases – sentences that he is currently serving. *Id.*

Plaintiff names Oklahoma County District Attorney David Prater as the second Defendant, claiming that Defendant Prater filed charges in CF-2010-6165 "in a malicious and arbitrary manner," knowing that there was no evidence to support the charges and "because Plaintiff is African-American, and because he has been in some trouble with the law before." *Id.* at 3, 6.

Plaintiff describes the final Defendant, Megan Koenig, as an "EMSA Worker," who "[w]orking under contract with & under the direction of the State, . . . works under the color of state law." *Id.* at 2. He claims that he "was charged with assaulting an EMSA worker, Megan Koenig, in Oklahoma City, OK., on Nov. 13, 2010, in case no. CF-1010-7476." *Id.* at 6. He contends that "[t]he whole time before & during the case was pending, Ms. Koenig had been lying and perjuring herself as to being assaulted by Plaintiff . . . ." *Id.* He further

alleges that he "was found NOT guilty by jury of the one count of assaulting an EMSA worker on June 17, 2011, giving Plaintiff (2) years to pursue his § 1983 civil rights complaint against [her]." *Id.*

Plaintiff seeks declaratory and monetary relief from Defendant Smith in his individual and official capacities for (1) excessive use of force – "when Plaintiff was 'tazed' for no reason" – under the Fourth, Eighth, and Fourteenth Amendments, *id.* at 4, 8, 9; (2) unlawful search and seizure – "when Plaintiff was seized & searched without any probable cause or other reason" – under the Fourth Amendment, *id.*; and (3) false imprisonment – "solely based on the arbitrary, oppressive & egregious acts of Defendant Smith" – under the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 5-6, 8, 9. Plaintiff claims that he is entitled to the same relief from Defendants Prater and Koenig in their individual and official capacities for malicious prosecution in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 6, 8-9.

## II. Procedural history and pending motions.

Each Defendant responded to Plaintiff's complaint with a motion to dismiss. Docs. 16, 18, 22. Plaintiff filed a timely motion to extend his time to respond to Defendant Smith's motion to dismiss but failed to include the requisite certificate of service, and, as a result, on September 30, 2013, the

undersigned ordered the motion stricken, advising Plaintiff that this deficiency must be corrected if he chose to refile his motion. Docs. 23, 24.

Plaintiff filed nothing further, and on October 11, 2013, the undersigned notified Plaintiff that his time to respond to the motions to dismiss had expired and established a November 1, 2013 deadline for him to submit requests – consistent with specific Federal Rules of Civil Procedure – for extensions of time to respond. Doc. 25. The undersigned advised Plaintiff that once that deadline passed, the merits of the motions would be considered and that his failure to act could result in the dismissal of some or all of his claims and of this action. *Id.*

Plaintiff's only response was to file a copy of the undersigned's original Order Striking Pleading or Other Paper to which he added a certificate of service to the Attorney General. Doc. 26. The undersigned ordered the filing stricken and gave Plaintiff one final opportunity to properly request extensions of time to the motions to dismiss, cautioning him, once again, of the results of his failure to do so. Doc. 27.

Still pending is Plaintiff's response to that order: an unsigned request filed on November 18, 2013 without a certificate of service and without reference to, or compliance with, the applicable Federal Rule of Civil Procedure governing requests for extensions of time. Doc. 29. Then, on May 20, 2014, Plaintiff sent a letter to Clerk of Court asking "if all I am doing waiting for a decision or do I

need to do a response on defendants motion to dismiss and please send me the rules of Western District Court is a time limit or not." Doc. 30.[2] Finally, on July 11, 2014, Plaintiff filed a motion for appointment of counsel, asserting his pro se status and limited understanding of the law; his belief that his action is "clearly meritorious"; and that he needs help responding to the motions to dismiss. Doc. 31. Defendants Smith and Koenig oppose that motion. Docs. 32, 33.

For the reasons that follow, the undersigned recommends that Judge Cauthron grant Defendant Smith and Prater's motions to dismiss certain claims and deny the motion to dismiss filed by Defendant Koenig. Docs. 16, 18, 22. In conjunction with these recommendations, the undersigned further recommends that Judge Cauthron strike as procedurally invalid Plaintiff's motion for extension of time to respond to the three motions – it, once again, has no certificate of service. Doc. 29. Similarly, the undersigned recommends that Judge Cauthron deny Plaintiff's belated request for appointment of counsel to help him respond to the motions to dismiss, Doc. 31, chiefly because Plaintiff has already forfeited his opportunity to respond. And, even had he not done so, as the undersigned previously explained to Plaintiff, he "was fully able to file a clear and cogent complaint to initiate this action." Doc. 27, at 1; *see Rucks v.*

---

[2]   The undersigned had previously directed that a copy of this Court's local rules be sent to Plaintiff. *See* Doc. 8.

*Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). He also successfully followed the undersigned's instructions in completing service of process. Docs. 11, 13, 14, 15. Had he chosen to use his opportunity to respond to the motions, he had the ability to do so in a more than adequate manner. The legal issues are not particularly complex. As to the merits of his claims against Defendants Smith and Prater, he simply waited too long to sue Defendant Smith and Defendant Prater enjoys absolute immunity. And, the undersigned recommends Judge Cauthron deny Defendant Koenig's motion, undercutting Plaintiff's need for counsel to defend against it.

### III. Analysis.

#### A. Standard of review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

7

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. Whether Defendant Smith's motion to dismiss should be granted.

Defendant Smith seeks the dismissal of Plaintiff's claims for excessive force, unlawful search and seizure, and false imprisonment on the grounds that Plaintiff filed his complaint outside the applicable period of limitation. Doc. 18.

The law governing a determination of the timeliness of Plaintiff's action is long-settled. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Here, Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3). And, "[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know

that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (quotation omitted).

### 1. Excessive force.

As Defendant Smith maintains, Doc. 18, at 6, Plaintiff affirmatively alleges that Defendant Smith "tazed" him on September 4, 2010 without a legally sufficient reason. *See* Doc. 1, at 4. So, Plaintiff's claim for excessive force is presumed to have occurred on that day, and the two-year period of limitation expired on September 4, 2012, some nine months before he filed his complaint. *See Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect . . . are presumed to have accrued when the actions actually occur.").[3]

### 2. Unlawful search and seizure.

Similarly, as to Plaintiff's claim of unlawful search and seizure, Defendant Smith, Doc. 18, at 6, points to Plaintiff's allegation that "[a]fter I was 'tazed' for no reason, I was taken to the Edmond Police Station, when it was obvious that I hadn't violated any laws, etc. . There was no reason for Officer Smith to seize me & take me to jail, where I was unlawfully searched and contraband was

---

[3] Plaintiff alleges nothing that would implicate equitable tolling. *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) ("There is nothing about these factual circumstances that would trigger tolling under Oklahoma law – no legal disability, no fraudulent concealment, and no exceptional circumstances.").

9

found." Doc. 1, at 4. Plaintiff was aware of his injury – the basis of his claim – on September 4, 2010, and his unlawful search and seizure claim accrued as of that day and the two-year period began to run. *Johnson*, 925 F.2d at 1301. Once again, the period of limitation expired on September 4, 2012, and Plaintiff's unlawful search and seizure claim – not asserted until June 10, 2013 – is time-barred.

### 3. False imprisonment.

Defendant Smith also seeks the dismissal of Plaintiff's false imprisonment claim on limitations grounds. Doc. 18, at 7-8.

Plaintiff explains that he was arrested by Defendant Smith on September 4, 2010, and was held in the Oklahoma County Jail until he received an "O.R. Bond" on September 14, 2010, "but the next day the State filed 3 charges against me & issued an arrest warrant in case no. CF-2010-6165." Doc. 1, at 2-3. He was not held on those charges until November 13, 2010. *Id.*

To support his motion to dismiss, Defendant Smith provided the State Court Docket in Case No. CF-2010-6165, District Court of Oklahoma County, State of Oklahoma – a matter of public record of which the court may take judicial notice – as an exhibit. Doc. 18, at Ex. 1.[4] The docket reflects Plaintiff's

---

[4] *See* Fed. R. Evid. 201; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice
(continued...)

arraignment on November 15, 2010 and his preliminary hearing on January 31, 2011. *Id.* At the conclusion of the preliminary hearing, the state court bound Plaintiff over for trial, *id.,* finding sufficient "probable cause that a crime was committed and probable cause that the defendant committed the crime." Okla. Stat. tit. 22, § 258.

In *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court "explained that the tort of false arrest/false imprisonment arises out of detention without legal process . . . ." *Young*, 554 F.3d at 1257. "[A] claim for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process, 'for example, [when] he is bound over by a magistrate or arraigned on charges.'" *Id.* at 1256-57 (quoting *Wallace,* 549 U.S. at 389-90). So, in this case, as Defendant Smith argues, Doc. 18, at 8, the *latest* possible accrual date for the false imprisonment claim is January 31, 2011, when "there was a judicial determination of probable cause" and Plaintiff "became lawfully detained pursuant to legal process . . . ." *Young*, 554 F.3d at 1257. Because Plaintiff did not file his complaint until June 10, 2013, Plaintiff's claim against Defendant Smith for false imprisonment is time-barred.

---

⁴(...continued)
of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (internal quotation marks omitted).

## C. Whether Defendant Prater's motion to dismiss should be granted.

### 1. Sovereign immunity.

As to Plaintiff's claim against Oklahoma County District Attorney Prater for malicious prosecution in filing charges in Case No. CF-2010-6165, Defendant Prater maintains that Eleventh Amendment sovereign immunity bars Plaintiff's official capacity claims and seeks dismissal of those claims. Doc. 16, at 5-6. The undersigned agrees.

Claims for damages against a state official in his official capacity are construed as claims against the State and are thus barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred §1983 claims against prison officials in their official capacities). While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health,* 41 F.3d 584, 589 (10th Cir. 1994), *overruled on other grounds by Ellis v. Univ. Kan. Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The Eleventh

Amendment forecloses any claim for monetary damages and declaratory relief against Defendant Prater in his official capacity, and the undersigned recommends dismissal of those claims for lack of subject matter jurisdiction.[5]

### 2. Prosecutorial immunity.

Defendant Prater is also correct in asserting that he is entitled to absolute prosecutorial immunity for the actions Plaintiff alleges. Doc. 16, at 4-5. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976)). "[A]cts . . . which occur in the course of [the prosecutor's] role as an advocate for the State . . . are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "This is so even if the prosecutor acted with an improper state of mind or improper motive." *Medina v. Weber*, 531 F. App'x 902, 903 (10th Cir. 2013) (internal quotation

---

[5] As declaratory relief, Plaintiff seeks "[a]n order of this respective Court declaring that Defendant[] Prater . . . knowingly, willfully & maliciously violated Plaintiff's rights as set forth in the Counts herein." Doc. 1, at 8-9. As such, he places the "past liability of the State . . . at issue" and the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) does not "avoid[] an Eleventh Amendment bar to suit." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645-46 (2002).

marks omitted).

Plaintiff speculates in conclusory fashion about Defendant Prater's alleged mind set and motivation in filing criminal charges against him, but he does not allege that Defendant Prater engaged in acts other than those "intimately associated with the judicial phase of the criminal process . . . ." *Imbler*, 424 U.S. at 430. Defendant Prater enjoys the protection of prosecutorial immunity for the actions alleged by Plaintiff, and relief cannot be granted against him on Plaintiff's claim of malicious prosecution.

### D. Whether Defendant Koenig's motion to dismiss should be granted.

Defendant Koenig requests dismissal of Plaintiff's claims against her on two grounds: (1) she is not subject to a civil rights claim under § 1983 because she is not a government actor and (2) "Plaintiff has failed to meet the standard of pleading an allegation of malicious prosecution against [her]." Doc. 22, at 1.

#### 1. State actor.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and must also show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Koenig acknowledges Plaintiff's allegations that she is an

14

EMSA worker who worked under a contract with the State and at the State's direction. Doc. 22, at 5. She does not challenge the legal sufficiency of the allegations themselves but instead contends that Plaintiff's assertions are unsupported and incorrect, claiming that "[t]hough EMSA . . . is a public trust agency that both cities have adopted, EMSA has sub-contracted out the hiring of front-line employees, which Defendant is a member of, to a private company, Paramedics Plus Inc." and that "EMSA does not direct Defendant in any other manner than that of procedures that must be followed in various kinds of health emergencies." *Id.* at 5-6.

Defendant Koenig's (unsupported) contentions are not pertinent to the court's resolution of her motion to dismiss. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Defendant Koenig, as stated, does not question that Plaintiff sufficiently *alleges* that she was acting under color of state law when she allegedly lied about Plaintiff having assaulted her, and her motion to dismiss on this basis is unavailing.[6]

---

⁶  Defendant Koenig also cites generally to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and argues that because "Plaintiff makes no
(continued...)

## 2. The elements of malicious prosecution.

The same holds true with respect to Defendant Koenig's contention that "Plaintiff has failed to allege any of the elements of malicious prosecution in his complaint." Doc. 22, at 4. According to her argument, in order to survive a motion to dismiss an action for malicious prosecution under Tenth Circuit law, the burden rests on the plaintiff to allege that (1) Defendant Koenig caused Plaintiff's prosecution; (2) the prosecution terminated in Plaintiff's favor; (3) there was no probable cause to support the prosecution; (4) Defendant Koenig acted with malice; and (5) Plaintiff sustained damages. *Id.* Liberally construing, as the court must, Plaintiff's complaint, he alleges that Defendant Koenig maliciously lied about an assault, causing Plaintiff to be prosecuted for the charge of assaulting an EMSA worker and that Plaintiff "suffered several court dates, wrongful imprisonment, preliminary hearing and trial, before . . . the jury found Plaintiff NOT guilty and the case was dismissed." Doc. 1, at 3, 6. Plaintiff's complaint easily satisfies his pleading requirement for each

---

[6](...continued)
allegation that Defendant followed a policy or procedure of a government agency in his allegation of malicious prosecution against Defendant," he "has failed to show that Defendant is a government actor for purposes of 42 U.S.C. § 1983 purposes." Doc. 22, at 6. It is unclear whether Defendant makes this argument to address Plaintiff's official capacity claims or for some other purpose. In any event, given the skeletal nature of Defendant's argument, the undersigned is unable to consider it.

element, and Defendant Koenig has failed to establish that Plaintiff's claims against her must be dismissed for failure to state a claim upon which relief can be granted.

**IV.   Recommendation and notice of right to object.**

For the reasons stated, the undersigned recommends that:

(1)   Plaintiff's motion for extension of time to respond to Defendants' motions to dismiss, Doc. 29, be stricken;

(2)   Plaintiff's motion for appointment of counsel to help him respond to Defendants' motions to dismiss, Doc. 31, be denied;

(3)   Defendant Smith's motion to dismiss, Doc. 18, be granted to the extent that Plaintiff's claims against Defendant Smith for excessive force, unlawful search and seizure, and false imprisonment be dismissed with prejudice;

(4)   Defendant Prater's motion to dismiss, Doc. 16, be granted to the extent that Plaintiff's official capacity claims against Defendant Prater for malicious prosecution be dismissed without prejudice and Plaintiff's individual capacity claims against Defendant Prater for malicious prosecution be dismissed with prejudice; and

(5)   Defendant Koenig's motion to dismiss, Doc. 22, be denied.

The undersigned advises the parties of their right to object to this report and recommendation by the 15th day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal

issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in this matter.

Entered on this 26th day of August, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE